IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.   8:11CR89 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| vs. ) | AND ORDER |
| ) | |
| JESSE HARMON, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 56) filed by the Defendant, Jesse Harmon.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

Harmon pled guilty to Count II of the Indictment charging him with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2).  His plea agreement included in pertinent part: The government's agreement to dismiss Counts I and III of the Indictment at the time of sentencing; a binding agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) for a term of incarceration of 144 months; a waiver of the right of appeal and collateral attack; and the Defendant's confirmation that he was satisfied with his counsel's representation.  (Filing No. 38.)

Harmon retained his own counsel, Kevin Oursland, who entered his appearance on April 6, 2011.  Harmon was released on bond at the time of arraignment on April 8, 2011, and remained at liberty until his self-surrender to the Bureau of Prisons.  Oursland filed a motion to suppress evidence and statements on April 29, 2011 (Filing No. 17), but later moved to continue the hearing on the motion, negotiated the plea agreement on Harmon's behalf, and withdrew the motion to suppress.

In his Petition to Enter a Plea of Guilty, signed on October 19, 2011, Harmon stated under oath: He had enough time to talk with his attorney; he was satisfied with the job his attorney had done; he had no objections to the way his attorney had represented him; he knew he had a right to plead not guilty and proceed to trial with all accompanying constitutional rights; he was aware that the maximum statutory term of imprisonment for Court II was 20 years; he was voluntarily pleading guilty because he *was* guilty; and he understood all the questions in the Petition.  (Filing No. 37.)

At the change of plea hearing on October 20, 2011, Harmon stated under oath: He understood the nature of the charge in Count II and the elements of the offense; he understood the statutory limits of the penalties that could be imposed; he agreed to a specific sentence that would include 144 months incarceration; he waived his right to appeal and his right to contest his conviction and sentence in post conviction proceedings except in limited circumstances set out in the plea agreement; he gave up any right to withdraw his plea of guilty; he understood the terms of the plea agreement including the agreed-upon 144 month sentence; he and his lawyer read through every word of the plea petition and plea agreement together and his attorney answered all his questions; he understood and signed the plea petition and plea agreement; he was satisfied with

Oursland's representation and had no objections or complaints about that representation. (Filing No. 40.)

Harmon's plea was accepted and he was found guilty of Count II of the Indictment on November 21, 2011.  At the sentencing hearing on January 19, 2012, Harmon was represented by Oursland, who moved to continue the sentencing, noting that Harmon wanted to obtain new counsel.  The Court continued the sentencing to February 13, 2012. On February 8, 2012, Oursland moved for another continuance of the sentencing, and the Court granted the motion, continuing the matter until February 27, 2012.  On February 22, 2012, Oursland again moved to continue the sentencing, and the Court denied the motion. On February 24, 2012, Oursland moved to withdraw.  On February 27, 2012, attorney Chad Wythers entered his appearance on behalf of Harmon; the Court granted Oursland's motion to withdraw; and the Court proceeded with sentencing pursuant to the plea agreement, hearing no reason why Harmon should be permitted to withdraw his plea.

On February 26, 2013, Harmon filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 56), alleging that his counsel was ineffective.

## DISCUSSION

To establish ineffective assistance of counsel, Carson must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously

deficient performance of counsel prejudiced the defense. *Id*. at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

Under Harmon's plea agreement he waived his right to seek post-conviction relief based on ineffective assistance of counsel except "if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement." (Filing No. 38 at 4.)

In Harmon's affidavit in support of his motion (Filing No. 56-1, "Harmon Aff.") he alleges, *inter alia*: Oursland sent correspondence to Harmon at an incorrect address and blamed a secretary; Oursland said charges against Harmon in Colfax County, Nebraska, were dismissed due to lack of evidence when in fact they were dismissed due to the federal indictment; Oursland was not present at Harmon's initial appearance in federal court on April 7, 2011, although he did appear with Harmon at the arraignment on April 8, 2011; Oursland spoke with Harmon only one time each in the months of May, June and December 2011; Oursland told Harmon that the U.S. Attorney would suborn perjury to obtain a conviction, and that the judge would be angry and impose a harsh sentence if Harmon filed motions or presented legal arguments or challenges, and would "blow up" if there were a trial, likely imposing a sentence greater than the statutory maximum term; Oursland misled Harman about the statutory penalties he faced; Harmon accepted the plea agreement not knowing he would be precluded from filing an appeal; and Oursland led Harmon to expect the Bureau of Prisons to let him out whenever it saw fit, perhaps expunging his sentence.

Most of Harmon's criticisms of Oursland are conclusory: "Mr. Oursland's performance fell below an objective standard of reasonableness" and "Mr. Oursland provided bad advice." (Harmon Aff. at 10.) His specific criticisms, related to Oursland's alleged failure to investigate potential defenses or file timely motions, relate to the charges in Counts I and III of the Indictment: Sexual Exploitation of a Juvenile and Possession of Child Pornography. Those charges were dismissed as a result of the plea agreement. Harmon's allegation that he was unaware he was waiving his right of appeal is directly contradicted by the signed plea agreement, his sworn statements at the time of the plea hearing, and his affidavit acknowledging that he "looked at the plea for an hour and a half" before signing the agreement. (*Id.* at 8.) Harmon's contention that Oursland assured him the Bureau of Prisons would let him out whenever it wished is contradicted by Harmon's plea petition and sworn statements at the plea hearing: "Do you understand that parole has been abolished in the federal system? Thus, if you are sentenced to a term of imprisonment, you will serve that term, less no more than 54 days per year you earn for good conduct. Yes ✓" (Petition to Enter a Plea of Guilty, Filing No. 37 at 6.)

> THE COURT: "Now, some State penal systems allow parole, that is, release from prison before a person has served all of a sentence imposed. However, you're in a court of the United States, a federal court. And in the federal system, parole has been abolished. So do you understand that concerning any sentence to imprisonment under federal law that parole does not exist and if you are sentenced to imprisonment, you will not be released on parole. Do you understand that?
>
> THE DEFENDANT: Yes.

Plea Hearing (Filing No. 40, 10:3-11.)

Harmon's complaints about his Oursland's representation do not rise to a level showing that Oursland performed outside the wide range of reasonable professional

assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. United States v. Luke, 686 F.3d 600, 604 (8th Cir. 2012) ("There is a 'strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.'") (quoting *Strickland*, 466 U.S. at 689). Nor do Harmon's allegations demonstrate that Oursland prejudiced Harmon's defense. Finally, the alleged deficiencies in Oursland's performance of which Harmon complains were known to Harmon at the time he entered his guilty plea and thus cannot provide a basis for post-conviction relief.

## CONCLUSION

For the reasons discussed, Harmon cannot prove either prong of the *Strickland* test. Accordingly,

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 56);

2. The Court summarily dismisses the Defendant's § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 12th day of March, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge