IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:11-CR-89 |
| vs. | |
| JESSE M. HARMON, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the Motion to Modify Special Conditions of Supervised Release. Filing 67. Defendant pled guilty to Count II of the Indictment charging him with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). Based on a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant was sentenced to 144 months with five years of supervised release. Defendant seeks modification or correction of three special conditions of supervised release.

A district court may impose conditions of supervised release that "(1) [are] reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a);[1] (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and (3) [are] consistent with any pertinent policy statements issued by the Sentencing Commission." *United States v. Kelly*, 625 F.3d 516, 519 (8th Cir. 2010) (internal quotation marks omitted); *see also* 18 U.S.C. § 3583(d). Courts may modify, reduce, or enlarge those conditions of supervised release "at any time prior to the expiration of the period of supervised release." *United States v. Yankton,*

---

[1] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." § 3553(a).

168 F.3d 1096, 1098 n.6 (8th Cir. 1999); *see also* 18 U.S.C. § 3583(e)(2). "[W]hen considering whether to 'modify, reduce, or enlarge the conditions of supervision,' a court is limited to considering the sentencing factors enumerated in § 3553(a), any applicable Federal Rules of Criminal Procedure, and applicable provisions for setting the initial conditions of supervised release." *United States v. Shipley*, 825 F. Supp. 2d 984, 988 (S.D. Iowa 2011); *see also United States v. Gaddy*, No. 5:06-CR-50057, 2021 WL 2460607, at *1 (W.D. Ark. June 16, 2021).

**Special Condition No. 4: Testing for the Presence of Alcohol**

Defendant first seeks to modify Special Condition No. 4 which states, in relevant part: "defendant shall submit to such testing as requested by any probation officer to detect the presence of alcohol or controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances." Filing 54 at 4. Defendant argues that this condition effectively bans him from consuming any alcohol. Defendant argues that this condition should be reworded to be consistent with Standard Condition No. 7, which states "defendant shall refrain from excessive use of alcohol." Filing 54 at 3.

The Court acknowledges that special conditions imposing a complete ban on alcohol consumption must generally be supported by evidence of substance abuse. *See United States v. Simons*, 614 F.3d 475, 480 (8th Cir. 2010). However, Special Condition No. 4 is not a complete ban on alcohol consumption. It merely supports enforcement of Standard Condition No. 7 which prohibits excessive consumption of alcohol. The Court is confident that Defendant's supervising probation officer will reasonably apply Special Condition No. 4.

**Special Condition No. 9: Searches of Defendant's Property**

Defendant also seeks to modify Special Condition No. 9, which states:

 The defendant shall submit his/her person, residence, property, office, vehicle, papers, computer, other electronic communication or data storage devices or media,

2

> and effects to a search conducted by a U.S. Probation Officer at any time; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises and any shared devices may be subject to searches pursuant to this condition.

Filing 54 at 5. Defendant argues this condition is unreasonable because it would permit "unannounced searches of defendants [sic] personal residence which could take place at any hour of the day, even 2:00 AM." Filing 67 at 2. Defendant argues that the probation officers should be required to call before conducting a search or have reasonable suspicion to conduct a search. Filing 67 at 2.

The Court will not modify this condition. As with Special Condition No. 4, the Court is confident that the probation office will conduct itself reasonably in enforcing this provision. Further, Special Condition No. 9 is relevant to Defendant's offense. At the time of Defendant's arrest, he had electronically exchanged inappropriate pictures with one of his students, tried to start an inappropriate relationship with another student, and was found to be in possession of child pornography on his home computer. *See* Filing 53 at 1. Based on Defendant's history and particular offenses, the Court concludes that Special Condition No. 9 is appropriate in this case.

**Special Condition 20: Prohibition on Material Depicting Sexually Explicit Conduct**

Finally, Defendant objects to Special Condition No. 20, which states:

> The defendant shall not possess, view, or otherwise use material depicting sexually explicit conduct as defined in 18 U.S.C. 2256. The defendant shall not possess, view, or otherwise use any material that is sexually stimulating or sexually oriented deemed to be inappropriate by the U.S. Probation Officer in consultation with the treatment provider.

Filing 54 at 6. Defendant argues that this condition is overly vague and was found unconstitutional in *United States v. Adkins*, 743 F.3d 176, 194-95 (7th Cir. 2014). In *Adkins*, the special condition prohibited the defendant from viewing or listening to "any pornography or sexually stimulating

material or sexually oriented material or patronize locations where such material is available." *Id.* at 194. The Seventh Circuit held that the condition was vague and overbroad. *Id.*

Special Condition No. 20 is distinguishable from the overbroad condition in *Adkins* because it is not an absolute ban. In *United States v. Hobbs*, 710 F.3d 850 (8th Cir. 2013), the Eighth Circuit upheld a special condition worded identically to Special Condition No. 20. In *Hobbs*, as in this case, the special condition prohibited the defendant from "possessing, viewing, or using any sexually stimulating or sexually oriented material deemed inappropriate by the U.S. Probation Officer in consultation with the treatment provider." *Id.* at 855 (internal quotation marks omitted). The Eighth Circuit concluded that this language was not overly broad because it was relevant to the defendant's offense. *Id.* Further, it was not vague because it was not an absolute ban on explicit material and the defendant could consult with his probation officer to determine whether certain material was appropriate. *Id.*

The Court has reviewed the record and finds that Special Condition No. 20 is relevant to Defendant's offense and treatment. If Defendant has doubts about whether certain material is appropriate for him, he may ask his assigned probation officer who will consult with Defendant's treatment provider. Because the Eighth Circuit expressly upheld this language as constitutional, the Court will not modify Special Condition No. 20.

IT IS ORDERED:

1. Defendant's Motion (Filing 67) is denied;
2. The Clerk of Court shall mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 5th day of August 2021.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge
